ARCHIE CAMPBELL, ADMINISTRATOR OF BURTON McARTHUR, DECEASED, v. WARREN PEARCE ET AL., AND LAURA PEARCE, ADMINISTRATRIX OF PETTIGREW PEARCE, DECEASED, ET AL., v. RACHEL HOLT ET AL., DEFENDANTS, AND ROBERT KELLY ET AL., INTERVENERS.

(Filed 6 April, 1921.)

**1. Reference—Order—Trial by Jury—Waiver.**

The parties to a cause referred reserving the right to a trial by jury waive this right by afterwards agreeing that the trial judge shall find the facts.

**2. Reference—Order—Scope of Reference—Waiver.**

Where a controversy as to title to lands has been referred and afterwards consolidated with another action involving the same title, objection that the referee acted beyond the power of the first reference is not tenable when it appears that the parties filed specific exceptions to the report and

agreed that the trial judge should find all issuable matters, for their action in so doing is a waiver of the right set up.

### 3. Evidence—Reference—Deeds and Conveyances—Color.

In this action involving title to land, the evidence as to adverse possession under color was sufficient to sustain the finding of the referee and their confirmation by the judge.

STACY, J., did not sit.

CIVIL ACTION heard on report of referee and exceptions thereto. Appeal by intervenors from *Allen, J.,* at February Term, 1920, of CUMBERLAND.

Pending the controversy, Robert Kelly and other children and their descendants, heirs at law of Isabella McArthur, second wife of Burton McArthur, and born to her prior to her marriage to Burton, were allowed to intervene and claim title to the land in controversy as against the alleged ownership of the original parties, children and their descendants and heirs at law of Burton McArthur, deceased. The referee, among other things not excepted to, reported in favor of the original parties, heirs at law of Burton McArthur, and against the claim of Robert Kelly *et al.,* children, etc., heirs at law of Isabella. After hearing the cause, the court gave judgment confirming the report of the referee, and the intervenors excepted and appealed.

*A. M. Moore for intervenors, appellants.*
*Nimocks & Nimocks, Sinclair & Dye for appellees.*

PER CURIAM. From a perusal of the record it appears that Burton McArthur died in 1900, leaving several children as his heirs at law, the facts and findings being to the effect that these children and their descendants were heirs at law under Rule 13 of our Canons of Descent. That he died seized and possessed of a tract of land in controversy, having continuously occupied and possessed same under a deed conveying property to him of date in 1872. That Archibald Campbell, having qualified as his administrator in 1902, filed a petition before clerk to sell the land to make assets in due administration of the estate. On issue joined, cause was transferred to Superior Court, and at February Term, 1915, cause was referred to H. L. Brothers to state an account between estate of Burton McArthur, etc., the order providing that on coming in of report, either side may demand a jury trial. That in January, 1918, Robert Kelly *et al.,* children and descendants of Isabella McArthur, second wife of Burton McArthur, born to her prior to her marriage to Burton, made affidavit alleging that the land in question belonged to them as heirs at law of Isabella, and making averment

further that said Isabella had bargained for the land and she and her children had paid for it. On this affidavit said applicants were made parties to the proceedings. That one of the heirs of Burton McArthur having died, his widow and other descendants and heirs at law of Burton McArthur, without being advertent to the original petition, instituted a suit for sale of the land for division among the heirs at law of Burton, etc. That this cause having been transferred to Superior Court at March Term, 1919, before his Honor, *W. P. Stacy, Judge,* an order was made consolidating the causes and confirming the order of reference previously made, and directing said referee to hear and determine said causes after due notice, etc. The referee, having fully heard and considered the evidence, made a full report thereon, the same among other things being against the claim of the intervenors and in favor of the heirs at law of Burton McArthur.

In order to expedite the hearing, the parties having waived the jury trial, *Judge Calvert,* at October Term, entered on hearing, and being unable to complete same, the hearing was continued before his Honor, *O. H. Allen, Judge,* at February Term, 1920, and his Honor, as stated, confirmed the findings of the referee, both of fact and law, and gave judgment for the original parties and against the intervenors, who have appealed to this Court.

Appellants object to the disposition made of the case. First, that they have been denied a jury trial, expressly reserved to them in the original order of reference.

An inspection of the record shows that such a reservation was made. But it further appears that later in the proceedings, in order to expedite the hearing, the intervenors and all others, both before *Judge Calvert* and *Judge Allen,* expressly waived their right to a jury trial, and agreed that the matters on issue should be heard and determined by the judge.

Appellants object further that the referee acted in excess of the powers conferred upon him by the order of reference.

An examination of the record, however, will show that while the original order in the first cause gave only the power to take and state an account, after the causes were consolidated the further order of reference of the "two causes" seems to be fully broad enough to hear and decide on all pertinent issues, and if it were otherwise, the appellants having attended the hearings without protest and presented all of the testimony relevant to their claims, filed their specific exceptions to the report and consented that the same be heard and determined first by *Judge Calvert* and then by *Judge Allen,* this objection should be considered as waived.

The further objection that findings of the referee in support of the ownership of the heirs of Burton McArthur are without evidence to

support them cannot at all be maintained, it appearing, among other testimony, that Burton McArthur occupied and possessed the land under a deed purporting to convey the absolute title from 1872 to his death in 1900, and that the original parties to this controversy, his children and heirs at law, continued in possession thereafter to this present time.

As a matter of fact, there is very little if any valid testimony tending to support the claim asserted by the intervenors, and the ownership of the original parties, upheld both in the rulings of the referee and the judge, must be affirmed.

Judgment affirmed.

STACY, J., not sitting.